OPINION *Page 2 
{¶ 1} Amanda Matheny is the mother of four children: Chad Dunn born October 28, 2001, Jason Durbin, Jr. born December 12, 2002, Logan Winters born September 21, 2004, and Russell Winters born December 26, 2006. Father of Chad is appellant, Travis McFeeders. Father of Jason is Jason Durbin, Sr. Father of Logan and Russell is Ms. Matheny's spouse, Sean Winters.
 {¶ 2} On October 26, 2006, appellee, the Tuscarawas County Job and Family Services, filed a complaint alleging Chad, Jason, and Logan to be neglected and dependent (Case No. 2006JN00559). On November 21, 2006, a stipulation was made as to dependency. On November 27, 2006, the trial court placed the children in appellee's temporary custody.
 {¶ 3} On December 26, 2006, Ms. Matheny gave birth to Russell. On December 28, 2006, appellee filed a complaint alleging Russell to be dependent (Case No. 2006JN00668). By judgment entry filed January 25, 2007, the trial court found Russell to be dependent.
 {¶ 4} On September 5, 2007, appellee filed a motion to modify prior dispositions, requesting permanent custody of all four children. Hearings were held on January 10 and 25, 2008. By judgment entries filed February 22, 2008, the trial court granted permanent custody of the children to appellee.
 {¶ 5} Appellant filed an appeal and this matter is now before this case for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 6} "THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO TUSCARAWAS COUNTY JOB AND FAMILY SERVICES ABSENT CLEAR AND CONVINCING EVIDENCE THAT SUCH AN AWARD WAS IN THE BEST INTEREST OF THE CHILDREN AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I {¶ 7} Appellant claims the trial court's decision to grant permanent custody to appellee was not supported by clear and convincing evidence. We disagree.
 {¶ 8} As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 9} R.C. 2151.414(E) sets out the factors relevant to determining permanent custody. Said section states in pertinent part as follows:
 {¶ 10} "(E) In determining at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of the Revised Code whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) of section 2151.353 of *Page 4 
the Revised Code that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
 {¶ 11} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
 {¶ 12} "(16) Any other factor the court considers relevant."
 {¶ 13} R.C. 2151.414(B) enables the court to grant permanent custody if the court determines by clear and convincing evidence that it is in the best interest of the child. R.C. 2151.414(D) sets out the factors relevant to determining the best interests of the child. Said section states relevant factors include, but are not limited to, the following:
 {¶ 14} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child; *Page 5 
 {¶ 15} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 16} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 17} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 18} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 19} As to appellant, the trial court specifically found the following:
 {¶ 20} "Travis McFeeders has made minimal progress on his case plan and has not progressed beyond supervised visits. He has yet to complete a court ordered psychological evaluation. He has a criminal record. His son Chad has no desire to see him or have a relationship with him." Judgment Entry filed February 22, 2008 at Finding of Fact No. 7.
 {¶ 21} The trial court concluded the following:
 {¶ 22} "In summary, this case involves four children born to one mother and three fathers. One father is serving a significant prison sentence and is not available to parent these children. Neither Travis McFeeders nor Jason Durbin, Sr. have made any significant progress on case plan services.* * *" Judgment Entry filed February 22, 2008 at Finding of Fact No. 28. *Page 6 
 {¶ 23} Appellant argues although he did not complete the entire case plan, the trial court erred in its decision as to the natural mother, Ms. Matheny. We have reviewed the trial court's decision as it pertains to Ms. Matheny (Case Nos. 2008AP030016 and 2008AP030017), and incorporate our ruling therein as part of the disposition sub judice.
 {¶ 24} The child in this case has demonstrated an aggressive behavior, coupled with anger and frustration in foster placement. T. at 56-57. Most of this negativism is attributable to his fear of visitations with Ms. Matheny and her spouse, Sean Winters. The child told the guardian ad litem that he wanted to be adopted. See, Guardian ad Litem Report filed January 10, 2008.
 {¶ 25} Appellant completed parenting counseling, but did not complete his psychological evaluation. T. at 141, 252. Although appellant complained he could not afford the counseling, he purchased a new truck. T. at 252-253. During visitations, there was limited interaction with the child. T. at 142. The child was originally placed with appellant's parents, but was removed because of a domestic violence complaint against appellant's mother. T. at 149-150.
 {¶ 26} Appellant and the child do not communicate, and there is no strong attachment between them. T. at 217, 276-279. Appellee has had involvement with appellant in the past involving his girlfriend's children. T. at 278.
 {¶ 27} Because of appellant's lack of follow-through and lack of attachment to the child, we find the trial court did not err in its decision.
 {¶ 28} The best interest test is satisfied by the testimony of Personal and Family Counseling home base worker Kimberly Weitzman, Pathway community service *Page 7 
provider Katrina Richards, appellee's social worker Beth Bertini, and therapeutic foster parent Christopher Barto, wherein they all opined the child's life would be turned around and become stable with permanent custody to appellee. T. at 65-66, 108-109, 202-204.
 {¶ 29} Upon review, we find the trial court did not err in granting permanent custody of the child to appellee.
 {¶ 30} The sole assignment of error is denied.
 {¶ 31} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division, is hereby affirmed.
 Farmer, J. Gwin, P.J. and Delaney, J. concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, Juvenile Division, is affirmed. *Page 1